UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Lloyd Korsh,

        Petitioner,          Court File No. 18-cv-1229 (SRN/LIB)

v.

                      **REPORT AND RECOMMENDATION**

Warden R. Marques,

        Respondent.

---

This matter came before the undersigned United States Magistrate Judge pursuant to a referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b) and Local Rule 72.1, and upon Petitioner Michael Lloyd Korsh's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1].

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED** with prejudice.

## I. BACKGROUND AND STATEMENT OF FACTS

In 2016, Petitioner pled guilty in the United States District Court for the District of Minnesota to one count of possession of child pornography, and on April 21, 2017, he was sentenced to 30 months' imprisonment, to be followed by 10 years of supervised release. USA v. Korsh, No. 16-cr-261 (SRN), Dockets No. 14, 34, and 37. The execution of the sentence of imprisonment was suspended until May 22, 2017. Id. at Docket No. 34. Currently, Petitioner is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (Petition, [Docket No. 1], 1).

"The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). Under 18 U.S.C. § 3624(c)(1), the Bureau of Prisons ("BOP") may allow a prisoner to serve up to the final 12 months of his or her sentence in a residential reentry center ("RRC") in order to "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." In addition, the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

While in prison, Petitioner has participated in the BOP's Residential Drug Abuse Program ("RDAP"). (Gustin Dec., Exh. C, [Docket No. 11-1], 13). Successful completion of an RDAP, which includes completion of a 120-day RRC placement, may result in the reduction of a prisoner's sentence by up to 1 year. See, 18 U.S.C. § 3621(e)(2)(B); 28 U.S.C. §§ 550.53(a)(3), 550.55, 550.56.

On November 16, 2017, BOP staff completed an Institutional Referral for RRC Placement that recommended Petitioner for a 180-day pre-release RRC placement in Edina, Minnesota, beginning July 31, 2018. (Gustin Dec., Exh. C, [Docket No. 11-1], 8). Including a reduction in Petitioner's sentence for successful completion of the RDAP, Petitioner had a projected release date of January 26, 2019. (Id.; see, also, Mem. in Supp. of Petition, [Docket No. 3], 2).

Thereafter, staff at the Residential Reentry Management Branch ("RRMB") Central Office conducted a secondary review of the RRC placement recommendation, taking into account the resources of the recommended RRC placement in Edina, Minnesota. (Gustin Dec., [Docket No. 11], 1, 8). Due to the capacity and the resources of the RRC facility in Edina, Minnesota, Petitioner's recommended 180-day RRC placement was reduced to 123 days, with a

placement date of September 25, 2018—slightly less than 2 months later than the placement date in the Institutional Referral for RRC Placement. (See, Id.). Because the RDAP sentence reduction remains the same, Petitioner's projected release date remains January 26, 2019, which was also the projected release date calculated at the time of the Institutional Referral for RRC Placement. (Id.).

On May 3, 2018, Petitioner initiated the present action by filing in this Court his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], and a Memorandum in Support, [Docket No. 3]. Therein, Petitioner argues that the calculation of his now-123-day RRC placement was arbitrary and capricious, and that BOP officials failed to conduct the required analysis of enumerated factors when considering RRC placement. (Petition, [Docket No. 1], 6-7; Mem. in Supp., [Docket No. 3], 7-13). Construing the pro se Petition liberally, Petitioner seeks the reinstatement of his original RRC-placement date—July 31, 2018—so that he may complete 180 days in RRC placement, or placement on home confinement, for which he asserts he will be eligible "shortly after" July 31, 2018. (Petition, [Docket No. 1], 8).

Pursuant to an Order from this Court, [Docket No. 9], Respondent filed a Response to the Petition on June 1, 2018, in which he contends that this Court lacks subject-matter jurisdiction over Petitioner's claims to the extent that Petitioner seeks to challenge the BOP's discretionary decision about Petitioner's pre-release RRC placement and RDAP-related sentence reduction. (Response, [Docket No. 10], 9-11). Alternatively, Respondent contends that the Petition should be denied on its merits because Petitioner the BOP complied with its duty to consider Petitioner for pre-release placement and because Petitioner has no constitutional right to either pre-release RRC placement or to a sentence reduction for completion of an RDAP. (Id. at 11-19).

On June 18, 2018, Petitioner filed his Reply to Respondent's Response. [Docket No. 13]. Therein, Petitioner newly argues that as a sex offender, he is a member of a "high-risk population," and, as such, 34 U.S.C. § 60541(h)[1] "requires" the BOP to afford priority over other, non-high-risk inmates when considering reintegration and reentry programs such as the RRC. (Id. at 5-8). Petitioner contends that because Respondent balanced Petitioner's needs against those of other, potentially non-high-risk inmates when determining his RRC placement and duration, the BOP failed to meet this statutory obligation. (Id. at 7-8).

## II.   DISCUSSION

### A.  Exhaustion of Administrative Remedies

It is well-established that a federal prisoner seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must first exhaust the administrative remedies available to him or her. See, Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."); Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). In the present case, Petitioner candidly admits that he did not exhaust the administrative remedies available to him. (See, Mem. in Supp., [Docket No. 3], 6).

Although the exhaustion requirement is not jurisdictional, see, Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007), it is generally enforced absent circumstances which justify an exception. See, e.g., Masri v. Watson, No. 16-cv-4132 (MJD/FLN), 2017 WL 1131891 (D. Minn. Feb. 17, 2017) (denying habeas petition for failure to exhaust all available administrative remedies); Knox v. United States, No. 16-cv-879 (WMW/KMM), 2016 WL 6022940 (D. Minn.

---

[1] 34 U.S.C. § 60541 was previously codified at 42 U.S.C. § 17541; it was transferred, effective September 1, 2017.

Oct. 13, 2016) (same); Aguilar v. United States, No. 15-cv-487 (SRN/JSM), 2015 WL 5719166, *2 (D. Minn. Sept. 29, 2015) (noting that "habeas petitioners can be excused from the exhaustion requirement if proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose"). Moreover, the Eighth Circuit has held that a Federal District Court erred by considering the merits of a petition for a writ of habeas corpus when the petitioner "failed to demonstrate he had" properly exhausted his administrative remedies prior to seeking habeas corpus relief. See, United States v. Thompson, 297 Fed. Appx. 561, *1 (8th Cir. 2008).

However, there are exceptions to the exhaustion requirement for habeas petitioners, including when requiring a habeas petitioner to exhaust all available administrative remedies would be futile and serve no useful purpose. See, Aguilar, 2015 WL 5719166, at *2. Courts have also excused the exhaustion requirement when the issues raised in the action are time-sensitive and may become moot without expeditious judicial resolution. See, Simon v. L. LaRiva, No. 16-cv-146 (ADM/TNL), 2016 WL 1626819, *3-4 (D. Minn. March 10, 2016). The undersigned is cognizant that Petitioner contends that he may be improperly denied pre-release RRC placement in July 2018. The time-sensitive nature of Petitioner's claims, combined with the relative ease of their resolution, persuades the undersigned to recommend that the Court excuse the exhaustion requirement and address Petitioner's claims.

### B.  Subject-Matter Jurisdiction

As set forth above, under 18 U.S.C. § 3624(c)(1), the BOP may allow a prisoner to serve up to the final 12 months of his or her sentence in an RRC in order to "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."

> Section 3624(c) . . . provides the BOP with discretion to determine whether [an inmate should be granted prerelease RRC placement] and how long an inmate should spend in an RRC or home placement before his release, so long as the pre-release placement was practicable and the BOP considered the factors set forth in § 3621(b).

Ambrose v. Jett, No. 13-cv-2343 (PJS/JSM), 2013 WL 6058989, *6 (D. Minn. Mar. 10, 2016).

> 18 U.S.C. 3621(b) states:
>
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district on which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—
>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence—
>         (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>         (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

"Discretionary decisions made by the BOP under §§ 3621(b) and 3624(c) regarding the prerelease placement of federal prisoners are exempt from the judicial review provisions of the Administrative Procedure Act." Jefferson v. Jett, No. 15-cv-3308 (PJS/BRT), 2016 WL 4196824, *2 (D. Minn. July 1, 2016) (collecting cases from the 8th Circuit and the United States District Court for the District of Minnesota); see, also, 18 U.S.C. § 3625 ("The provisions of [the Administrative Procedure Act] do not apply to the making of any determination, decision, or order under this subchapter."). "While courts may ensure that the BOP complies with its statutory duty to consider an inmate for prerelease placement under the factors set forth in § 3621(b), they have no authority to review the BOP's ultimate discretionary decision to grant or deny such placement." Id.

6

Therefore, to the extent that Petitioner intends to argue that the BOP erred in how it weighed the relevant factors when reaching its decisions to (1) place Petitioner in an RRC for 123 days instead of 180 days, the Court lacks subject-matter jurisdiction to consider such claims. See, Webber v. Jett, No. 13-cv-654 (ADM/JJK), 2013 WL 3867199, *2, 8-9 (D. Minn. July 25, 2013) (finding there is no right to an RRC placement); Rios v. Fisher, No. 10-cv-4020 (PJS/TNL), 2012 WL 2814338, *3 (D. Minn. June 19, 2012) ("[T]his Court lacks subject-matter jurisdiction to consider Petitioner's arguments related to his potential early release under the RDAP . . . ."), report and recommendation adopted at 2012 WL 2814325 (D. Minn. July 10, 2012). Therefore, the undersigned recommends that those claims be **dismissed with prejudice.**

### C.  Petitioner's Argument that the BOP Exceeded its Statutory Authority

"Nevertheless, judicial review remains for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority." Ambrose, 2013 WL 6058989, *7 (citing Tapia v. U.S., 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), . . . ." (emphasis added))). 28 U.S.C. § 2241(c)(3) authorizes the Court to grant the requested writ of habeas corpus if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Thus, to the extent that Petitioner argues that the reduction of his RRC placement period or the decision to grant an RDAP sentence reduction of 9 months was done in violation of statutory or constitutional law, the Court may review those arguments.

In the present case, Petitioner argues that BOP officials failed to properly consider the factors enumerated in 18 U.S.C. § 3621(b) as they apply to Petitioner's individual RRC

7

placement under 18 U.S.C. § 3624(c). (Petition, [Docket No. 1], 2, 3, 6-7).  As set forth above, those factors include:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The record now before the Court shows that the BOP individually reviewed Petitioner for prelease placement under the applicable § 3621(b) factors. (See, e.g., Gustin Dec., [Docket No. 11], 7-8; Id., Exh. C, [Docket No. 11-1], 8-16). The fact that the later review by the RRMB considered the RRC resources available in Edina, Minnesota—which is listed as a relevant factor under § 3621(b)—does not negate the additional consideration by BOP staff of additional relevant § 3621(b) factors. The decision, after reviewing the required factors, to grant Petitioner a 123-day pre-release placement in an RRC rather than a 180-day pre-release placement in an RRC is not reviewable by this Court.

Additionally, to the extent that Plaintiff claims in his Reply that the BOP failed to give him the priority to RRC placement which he believes he deserves as a "high-risk offender," Local Rule 7.1(c)(3)(B) prohibits a party from raising new grounds for relief in a reply memorandum. In any event, consideration of this argument would not provide a basis for the relief Petitioner seeks. Petitioner "is correct that 'priority is given to the reentry needs of high-risk populations, such as sex offenders, career criminals, and prisoners with mental health problems.'" See, Webber, 2013 WL 3867199, at *3 (citing 42 U.S.C. § 17541(a)(1)(D)). However, as Petitioner concedes, this statutory obligation does not entitle Petitioner to a specific

8

term of RRC placement. (See, Reply, [Docket No. 13], 6). Because Petitioner has no such entitlement, the consideration of the needs of other inmates (who may also have been in a high-risk portion of the inmate population) does not, as Petitioner contends, "prove [that the BOP] failed to follow the plain language in § 60541(a)(1)(D) to 'ensure' that" Petitioner's needs were given priority. (See, Reply, [Docket No. 13], 7). See, Webber, 2013 WL 3867199, at *3.

Accordingly, the undersigned recommends that to the extent that Petitioner argues that his RRC placement period was calculated in violation of federal statutes or the Federal Constitution, Petitioner's Petition for Writ of Habeas Corpus, [Docket No. 1], be **denied**, and the matter be **dismissed with prejudice.**

### III. CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED;** and
2. This action be **DISMISSED with prejudice.**

Dated: July 2, 2018                                    s/ Leo I. Brisbois
                                                       The Honorable Leo I. Brisbois
                                                       United States Magistrate Judge

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).