# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Lloyd Korsh,<br><br>Petitioner,<br><br>v.<br><br>Warden R. Marques,<br><br>Respondent. | Case No. 18-cv-1229 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Michael Lloyd Korsh, pro se.

Ana H. Voss, Ann M. Bildtsen, & David W. Fuller, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 15] of Petitioner Michael Lloyd Korsh to Magistrate Leo Brisbois's Report and Recommendation ("R&R") dated July 2, 2018 [Doc. No. 14]. In the R&R, Magistrate Judge Brisbois recommended that Korsh's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1] be denied. For the reasons set forth below, and after a *de novo* review, the Petition is denied as moot.

## I. Background

Petitioner pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). *USA v. Korsh*, No. 16-cr-261, Plea Agreement [Doc. No. 14]. Petitioner was sentenced to a thirty-month term of imprisonment and ten years of

1

supervised release on April 27, 2017. *Id.*

When Petitioner filed this Petition on May 3, 2018, he was in the custody of the Federal Correctional Institute ("FCI") in Sandstone, Minnesota. (Petition at 1.) Petitioner argues that the Bureau of Prisons ("BOP") was arbitrary and capricious when it placed him in a residential reentry center ("RRC") in Edina, Minnesota on September 25, 2018, instead of on his original placement date of July 31, 2018. (Petition at 6–7; Pet'r's Mem. in Supp. [Docket No. 3] at 7–13.) Petitioner claims that he was entitled to complete 180 days in the RRC, instead of the 123 days he was ultimately assigned. (Petition at 8.)

In his R&R, Magistrate Judge Brisbois recommended denying the Petition and dismissing the action with prejudice. (R&R at 9.) Specifically, Magistrate Judge Brisbois determined that the Court lacked subject matter jurisdiction to consider Petitioner's claims and that the BOP did not violate any federal statutes or the Constitution. (*Id.* at 7, 9.)

However, on January 25, 2019, Petitioner was released from custody and his period of supervised release began. *Korsh*, No. 16-cr-261, Supervised Release: Modification of Conditions [Doc. No. 51].

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958

(JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

Article III of the Constitution grants jurisdiction over cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). If a subsequent development in a case results in a court's inability to "grant effective relief, the case is considered moot." *Id.* (citation omitted); *see also Roberts v. Norris*, 415 F.3d 816, 819 (8th Cir. 2005). A petitioner's release from custody does not automatically render the petition moot. *Estrada-Heredia v. Holder*, No. 12-cv-1157 SRN/SER, 2012 WL 4839113 (D. Minn. Sept. 25, 2012), *report and recommendation adopted*, No. 12-cv-1157 SRN/SER, 2012 WL 4839019 (D. Minn. Oct. 11, 2012). Application of the mootness doctrine requires a court to determine whether any of the four exceptions to the doctrine apply.

> The Court should not dismiss a petition for writ of habeas corpus as moot if:
>
> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Sayonkon v. Beniecke*, No. 12-cv-0027 MJD/JJK, 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

In this case, none of the four exceptions apply. First, there are no collateral

3

injuries. By all indications in the record, Petitioner has been fully released from custody. *Korsh*, No. 16-cr-261, Supervised Release: Modification of Conditions. Although he is subject to conditions of supervised release, these collateral limitations cannot be construed as a residual effect of the BOP's placement of Petitioner in an RRC fifty-seven days later than he had requested.

Second, there is no evidence that Petitioner's detention is capable of repetition yet evading review, which is an "extraordinarily narrow" exception to the mootness doctrine. *Minn. Human Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). A finding that an issue is capable of repetition yet evading review requires a court to find a "reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998)). Thus, the second exception is inapplicable.

Third, there is no evidence that Respondent voluntarily ended an allegedly illegal detention solely to deprive the Court of jurisdiction. This exception provides that, "if it is clear that the [respondent] has not changed course simply to deprive the court of jurisdiction," the issue is moot. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam). Therefore, the third exception does not apply.

Fourth and finally, as this is not a class action, the fourth exception is inapplicable.

Because the Court can no longer order the relief Petitioner requests, and because none of the four exceptions to the mootness doctrine are present, no case or controversy exists sufficient to grant this Court jurisdiction under Article III of the Constitution.

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Korsh's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2018
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge